Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

Andrew Gerber (*pro hac vice* application to be filed)
andrew@kgfirm.com
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

Attorneys for Plaintiff HUEMAN LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEMAN LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALASKA AIRLINES, INC., an Alaska corporation,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hueman LLC ("Plaintiff" or "Hueman"), by and through its undersigned attorneys, as and for its complaint against Defendant Alaska Airlines, Inc, ("Alaska" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338 in that claims herein arise under the federal Copyright Act, 17 U.S.C., § 101 *et seq*.

2. Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over Defendant in that Defendant (a) regularly does or solicits business in California; (b) derives substantial revenue from goods used or services rendered in California; (c) expects or reasonably should expect its infringing conduct to have consequences in California; and (d) derives revenue from interstate commerce. Defendant is also subject to this Court's personal jurisdiction because it has a regular and established place of business in this District, with its ground operations and permanent business operations located at various facilities, including, by way of example, at Los Angeles International Airport, Terminal 6, 600 World Way, Los Angeles, California.

3. This district is the proper venue for this action under 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events and omissions giving rise to the claims herein occurred in this district and, as set forth above, Defendant has a regular and established place of business in this District, with its ground operations and permanent

business operations located at various facilities, including at Los Angeles International Airport, Terminal 6, 600 World Way, Los Angeles, California.

**PARTIES**

4.   Plaintiff is a limited liability company formed under the laws of the State of California with its principal place of business located at 2744 East 11th Street, Oakland, California 94601.  Plaintiff has satisfied the requirements of 17 U.S.C § 411 prior to filing this lawsuit.  Ms. Tinati is a well-known street artist who is professionally known as Hueman.  Ms. Tinati operates through the Hueman LLC entity and engages in projects using the Hueman LLC entity.

5.   Plaintiff is informed and believes and upon such information and belief alleges that Defendant is a corporation organized and existing under the laws of the State of Alaska with its principal place of business at 19300 International Boulevard, Seattle, Washington 98188.

6.   Plaintiff is informed and believes and upon such information and belief alleges that Defendant also has a regular and established place of business in this District, with its ground operations and permanent business operations located at various facilities, including at Los Angeles International Airport, Terminal 6, 600 World Way, Los Angeles, California.

7.   Plaintiff is informed and believes and upon such information and belief alleges that Defendant is a subsidiary of Alaska Air Group, Inc.

# FACTUAL BACKGROUND

## A. Plaintiff and the Mural

8. Plaintiff is a California limited liability company owned by Allison Tinati, a well-known painter, muralist, and street artist who resides in Oakland, California. Ms. Tinati is best known for her large-scale murals, which she creates on commission for clients around the world.

9. In May 2016, Ms. Tinati, working for and through Plaintiff, created a mural entitled *Bloom* (the "Mural") in the Arts District of Los Angeles. The Mural, shown below, has since become one of the most prominent street art works in Los Angeles.



10. Plaintiff's business relies entirely on the commission, licensing, and sale of Ms. Tinati's creative works in the United States and throughout the world.

11. Plaintiff obtained federal copyright registration No. VA0002195426 for the Mural. A copy of the registration certificate for the Mural is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

### B. Defendant's Willful Infringement of the Mural

12. Upon information and belief, Defendant is a commercial airline carrier that serves destinations in the United States and North America with a market capitalization of approximately $5 billion. Defendant also manages its brand business activities in the United States, including, but not limited to, advertising, and loyalty partnerships with hotel, airline, and transportation service providers offered to consumers throughout the United States, including in this district.

13. Plaintiff is informed and believes and upon such information and belief alleges that sometime in August or September 2019, without Plaintiff's permission, Alaska used the Mural in its marketing and advertising (the "Infringing Advertisement") to advertise its flight sale promotions and the Alaska Airlines brand. An example of one such Infringing Advertisement is shown below:



14. Defendant knew or should have known that Plaintiff required a licensing fee for its works, including the Mural. Massive multi-billion-dollar companies like Alaska Airlines should not be stealing from independent artists. Alaska Airlines should have contacted Plaintiff and paid a proper license before using the Mural.

15. Defendant has profited from the unauthorized use of Plaintiff's original creative work though its display of the Infringing Advertisement and use of the Mural on its website.

16. Defendant did not attempt to contact Plaintiff to inquire about properly licensing the Mural for use in the Infringing Advertisement or on its website.

17. Plaintiff has been significantly damaged by Defendant's unlawful uses of the Mural and has been forced to file this action in order to protect its rights and the livelihood of Ms. Tinati.

18. Plaintiff seeks actual damages, disgorged profits, injunctive relief, and other relief as the Court deems just and proper.  Plaintiff respectfully requests a trial by jury in this action for all issued so triable.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement,
### 17 U.S.C. § 501, *et seq*.

19. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above and incorporates them herein by this reference.

20. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyright in the Mural.

21. Plaintiff is informed and believes and upon such information and belief alleges that Defendant had access to the Mural.

22. Plaintiff is informed and believes and upon such information and belief alleges that Defendant copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Mural without the consent, permission, or authority of Plaintiff.

23. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

24. Defendant's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

25. Plaintiff is entitled to actual damages and Defendant's profits both in the United States and around the world, pursuant to 17 U.S.C. § 504.

26. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For an order permanently restraining and enjoining Defendant from copying, reproducing, distribution, adapting, and/or publicly displaying the Mural or any elements thereof;

2. For an award to Plaintiff of all profits of Defendant resulting from Defendant's infringing uses of the Mural;

3. For an award of Plaintiff's actual damages in connection with Defendant's willful copyright infringement;

4. For prejudgment interest on all damages awarded by this Court;

5. For such other and further legal and equitable relief as the Court deems just and proper.

Dated: July 23, 2020

BYRON RAPHAEL

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC

Attorneys for Plaintiff HUEMAN LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: July 23, 2020                           BYRON RAPHAEL

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC

Attorneys for Plaintiff HUEMAN LLC